**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **STEVEN ROBERT PARROTT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No: 3:13-00820** |
| **v.** | ) | **Judge Campbell/Bryant** |
| | ) | |
| **HOUSTON COUNTY SHERIFF'S OFFICE,** | ) | |
| **PAROLE OFFICER RYAN PETTIT, and** | ) | |
| **SHARON K. TOMLINSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**To: The Honorable Judge Todd J. Campbell, United States District Judge**

<u>**REPORT AND RECOMMENDATION**</u>

## I.      Introduction

Pending before the Court is the Motion for Summary Judgment that the defendants, Houston County[1] and Sharon Tomlinson (Ms. Tomlinson) have filed. (Docket Entry (DE) 31). Also pending before the Court is the Motion for Summary Judgment that the defendant, Ryan Pettit (Mr. Pettit) has filed. (DE 36). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the defendants' Motions for Summary Judgment be **GRANTED**, that this action be **DISMISSED** with prejudice, that this be considered the final judgment, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3). The Magistrate Judge **RECOMMENDS** that the Court **DENY** Houston County and Ms. Tomlinson's request that costs be assessed against the plaintiff. (DE 31, p. 1).

---

1 (DE 3, p. 2) (Substituting "Houston County as the appropriate defendant in place of the Houston County Sheriff's Office.")

## II.     Procedural Background

The plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on August 15, 2013. (DE 1). The defendants include Houston County; Ms. Tomlinson, the Circuit Court Clerk for Houston County; and Mr. Pettit, the plaintiff's probation officer. Houston County and Ms. Tomlinson have filed a Memorandum of Law in Support of their Motion (DE 32), a Statement of Undisputed Material Facts (DE 33), the affidavit of the Houston County Sheriff (DE 34), and the affidavit of Ms. Tomlinson. (DE 35). The plaintiff has not responded and the defendants have filed a notice of this failure. (DE 42). Mr. Pettit has filed a Memorandum of Law in Support of his Motion (DE 37), a Statement of Undisputed Material Facts (DE 38), the affidavit of the Tennessee Department of Corrections (TDOC) Director of Sentence Management Services (SMS), Candace Whisman (Ms. Whisman) (DE 39), and his own affidavit. (DE 40). The plaintiff has not responded to these, either.

On August 22, 2013, the District Judge referred this action to the Magistrate Judge. (DE 3). The Magistrate Judge warned the plaintiff that a failure to respond to a dispositive motion "may result in the Court taking the facts alleged in the matter as true and granting the relief requested." (DE 21, p. 4). Therefore, this matter is properly before the Court.

## III.     Factual Background

The District Judge construed the plaintiff's complaint as a claim for violations of 42 U.S.C. § 1983. (DE 3). The plaintiff was formerly a TDOC inmate in the Houston County Jail. He alleges in his complaint that he was "detained on or about 117 . . . days past the full expiration of [his] sentence." (DE 1, p. 2). He also alleges that he was on parole beyond the expiration of his sentence. (DE 1-1, p. 1). The plaintiff alleges that his wrongful imprisonment

and parole were the result of the defendants' failure to properly complete and file court documents, including amended court orders. (DE 1, p. 2; DE 1-1, p. 1).

The timeline begins on **July 08, 2010** when the plaintiff committed a felony, case 2011CR1. (DE 1-1, p. 8). From **July 08, 2010** to **October 06, 2010**, the plaintiff was imprisoned and received pretrial jail credit. (DE 35-5). The plaintiff was released pending trial and committed separate offenses on **November 06, 2010**, which became a separate case, case 2011CR2. (DE 1-1, p. 8). The 91 days of pretrial jail credit from **July 08, 2010** to **October 06, 2010** only applied to case 2011CR1, not 2011CR2. (DE 39, p. 2). From **December 27, 2010** to **June 15, 2011**, the plaintiff was imprisoned again and received pretrial jail credit. (DE 35-5).

The plaintiff's trial for both cases occurred on **July 11, 2011**, when the plaintiff was sentenced to 3 years of probation for the felony and for the separate offenses. (DE 32, p. 1; DE 35-5). On **July 11, 2011**, the plaintiff was released on probation (DE 35-2). However, he was charged with theft shortly thereafter and from **September 22, 2011** to **March 12, 2012**, the plaintiff was imprisoned. (DE 40, p. 1; DE 35-5). He received jail credit for this time and remained in jail thereafter. (DE 35-5). At this point, the timeline becomes somewhat puzzling.

The plaintiff's probation was originally documented as revoked on **July 09, 2012** and the original order was filed on **August 13, 2012.** (DE 1-1, p. 2). However, the plaintiff had been imprisoned before **July 09, 2012** and the probation revocation was *amended to* **March 12, 2012**. (DE 1-1, p. 4). The *amended* order was not filed until **January 14, 2013**. (DE 1-1, p. 4).

A separate *amended* probation revocation document *with jail and behavior credits* was signed with a **March 12, 2012** date. (DE 35-5, p. 1). However, this document was not filed until

**May 30, 2013**. (DE 35-5).[2] In the month preceding this, on **April 17, 2013**, the plaintiff inquired about the *amended* revocation order that had been filed on **January 14, 2013** (DE 1-1, p. 5). SMS informed him in writing that this order was not in their records. (DE 1-1, p. 5). Later, on **July 15, 2013**, SMS responded to an inquiry from the plaintiff and informed him that he was "given all the time served credit listed on [his] revocation. [SMS] had to get an order from the Court . . . They were put on this past week." (DE 1-1, p. 7). On **July 15, 2013,** SMS also informed the plaintiff that his expiration date was **November 01, 2013**. (DE 1-1, p. 7). On **July 30, 2013**, the plaintiff was released to parole (DE 32, p. 2). The plaintiff was released from parole supervision on **October 26, 2013**. (DE 32, p. 2).

## IV.     Legal Standard

### A.     42 U.S.C. § 1983

A plaintiff who brings a § 1983 claim must (1) allege "the violation of a right secured by the Constitution and laws of the United States;" and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Phillips v. Roane Cnty., Tenn.,* 534 F.3d 531, 538 (6th Cir. 2008).

### B.     Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (FED. R. CIV. P.), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such

---

2 The defendants' memorandum and the affidavit of Ms. Tomlinson indicate that the document was filed on May 30, 2012. (DE 32, p. 1; DE 35, p. 2). However, the document is stamped as received and filed on May 30, 2013. (DE 35-5). Moreover, the time stamp on the bottom of this page shows the date of May 30, 2013. (DE 35-5).

that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must "decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (citing *Anderson,* 477 U.S. at 251–52).

"The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Adams v. Rockafellow,* 66 F. App'x 584, 585 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Adams,* 66 F. App'x at 585 (citing *Anderson,* 477 U.S. at 248-49; *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir. 1993)). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

If the nonmoving party fails to meet its burden, the Court may rely on the facts advanced by the moving party. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). However, the Court may not grant a motion for summary judgment simply because a nonmoving party fails to respond. *See Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (unpublished opinion). Instead, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller,* 141 F. App'x at 419 (citation omitted).

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519,

520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005) (citation omitted) (unpublished opinion).

## V.        Analysis

As a threshold matter, the Magistrate Judge presumes that the plaintiff intended to name Ms. Tomlinson and Mr. Pettit in their individual and official capacities as well as Houston County in an official capacity. Also, because the plaintiff has failed to respond to the instant motion or to the defendants' statement of undisputed facts, the Magistrate Judge relies on the defendants' evidence submitted herein as uncontroverted facts.

### A.        Wrongful Imprisonment and Parole Claim

The defendants argue that they are entitled to summary judgment because "there is nothing in the record to show [that the] [p]laintiff suffered a violation of a constitutionally protected right." (DE 32, p. 7). In other words, "the undisputed facts show [that the] [p]laintiff was not unlawfully detained past the expiration of his sentence." (DE 37, p. 1).

The plaintiff seems to argue that he was wrongfully imprisoned for approximately 117 days because the clock started ticking on the remainder of his sentence from **July 09, 2012**, the date of the original revocation, when it should have been ticking from **March 12, 2012**, the date of the *amended* revocation. The interim between these dates is 120 days. In essence, the plaintiff alleges that the 120 days between **March 12, 2012** and **July 09, 2012** were never deducted from the end of his sentence, despite the *amended* revocation order. The plaintiff seems to argue that this error was compounded because the **March 12, 2012** *amended* order was not in the SMS records and because the document showing the plaintiff's jail and behavior credit was not filed until **May 30, 2013**, one month before his release. Separately, the plaintiff contends that he wrongfully remained on parole. (DE 1).

However, the record shows that the defendants are entitled to summary judgment because they have established an absence of evidence as to the plaintiff's claims.

The plaintiff was sentenced to 3 years of probation on July 11, 2011. (DE 35-2). This sentence would have expired on July 11, 2014. (DE 35-2). This is a total of 1097 days. The period that the plaintiff served on probation from July 11, 2011 to September 22, 2011 does not appear to have been counted towards the sentence, presumably because he was charged with theft shortly after his release. (DE 40, p. 1)

In the felony case, case 2011CR1, the plaintiff received the following credits:  July 08, 2010 to October 06, 2010: 91 days jail credit; December 27, 2010 to June 15, 2011: 171 days jail credit; September 22, 2011 to March 12, 2012: 173 days jail credit. (DE 39, p. 2). He also received 64 days of pretrial behavior credit. (DE 39, p. 2). He served 506 days from March 12, 2012 to July 30, 2013. These credits and time served total 1005 days, leaving 92 days remaining on the sentence in case 2011CR1.

In the separate offenses case, case 2011CR2, the plaintiff received the following credits: December 27, 2010 to June 15, 2011: 171 days jail credit; September 22, 2011 to March 12, 2012: 173 days jail credit. (DE 39, p. 2). He also received 40 days of pretrial behavior credit. (DE 39, p. 2). He served 506 days from March 12, 2012 to July 30, 2013. These credits and time served total 890 days, leaving 207 days remaining on the sentence in case 2011CR2.

Then, the plaintiff served 89 days on parole from July 30, 2013 to October 26, 2013. This resulted in 3 days remaining in case 2011CR1 and 118 days remaining in case 2011CR2, or a total of 121 days total remaining to be served. However, the plaintiff received 120 days of Prisoner Sentence Reduction credit. (DE 39, p. 2). Therefore, there was one day remaining on the plaintiff's sentence which he either did not serve or which was otherwise accounted for.

As such, there is no genuine dispute as to whether the plaintiff suffered a constitutional violation of wrongful imprisonment. Even construing the evidence most favorably for the plaintiff, the Magistrate Judge finds that the defendants have established an absence of evidence as to the plaintiff's claim. Therefore, the Magistrate Judge finds that summary judgment should be **GRANTED** and the plaintiff's claims against all defendants should be dismissed.

## B.     Other Arguments

Even assuming that there was a genuine dispute as to the dates of imprisonment, Ms. Tomlinson and Mr. Pettit are entitled to quasi-judicial immunity, even for erroneous or untimely filed court documents. *See Loggins v. Franklin Cnty., Ohio,* 218 F. App'x 466, 476 (6th Cir. 2007) (unpublished opinion) ("[A] probation officer performing duties to ensure a probationer was complying with the terms of probation was entitled to quasi-judicial immunity."); *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994) (citation omitted) (Absolute judicial immunity has "been extended to non-judicial officers who perform 'quasi-judicial' duties . . . ."); *Mwonyonyi v. Gieszl,* 895 F.2d 1414, at *2 (6th Cir. 1990) (unpublished opinion) (citation omitted) (A Clerk was entitled to immunity for "refus[ing] to file a document with the district court . . . ."); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("The mere fact that an error is made in carrying out the judge's instruction is immaterial.").

Moreover, the plaintiff fails to allege that Houston County had an unconstitutional policy or custom, as required to establish liability under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978). Finally, a claim against Mr. Pettit in his official capacity as a probation officer, a state official, is a claim against the state. The Eleventh Amendment bars such a claim. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

## C.     Fees

Finally, an award of costs to prevailing defendants "will depend on the factual circumstances of each case." *Smith v. Smythe-Cramer Co.,* 754 F.2d 180, 183 (6th Cir. 1985). The Sixth Circuit has "cautioned against too frequent assessments of attorneys fees in light of the overriding congressional policy of encouraging citizens to vindicate constitutional rights." *Smith*, 754 F.2d at 184 (citation omitted). Here, the Magistrate Judge does not find that the circumstances warrant such an award as requested by the defendants. (DE 31, p. 1).

## VI.     Recommendation

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the defendants' Motions for Summary Judgment be **GRANTED**, that this action be **DISMISSED** with prejudice, that this be considered the final judgment, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3). The Magistrate Judge **RECOMMENDS** that the Court **DENY** Houston County and Ms. Tomlinson's request for costs.

The parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. Fed. R. Civ. P. 72(b)(2). A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this __day of December, 2014.

s/John S. Bryant_____
John S. Bryant
U.S. Magistrate Judge